IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| TODD BREWER WEEKS, | ) | CV NO 10-00235 DAE-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| CLAYTON FRANK, TOMMY JOHNSON, | ) | |
| Defendants. | ) | |

ORDER: (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

On June 13, 2011, the Court was scheduled to hear Plaintiff Todd Brewer Weeks' ("Plaintiff") Motion for Summary Judgment (Doc. # 51), and Defendants Clayton Frank and Tommy Johnson's ("Defendants") Cross Motion for Summary Judgment (Doc. # 56). Plaintiff, pro se, failed to appear at the hearing on behalf of himself[1]; John M. Cregor, Jr., Esq., appeared at the hearing on behalf of Defendants. Because Plaintiff did not appear at the hearing, pursuant to Local

---

[1] Three calls were made for Plaintiff on every floor of the U.S. Courthouse with no response.

Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court DENIES Plaintiff's Motion for Summary Judgment (Doc. # 51) and GRANTS Defendants' Cross Motion for Summary Judgment (Doc. # 56).

## BACKGROUND

On November 2, 2009, while he was incarcerated in Arizona, Plaintiff filed a prisoner civil rights action in this court. See Weeks v. Kimoto, Civ. No. 09-00525 (D. Haw. Nov. 2, 2010).[2] Upon a finding of improper venue in Hawaii, that action was transferred to the U.S. District Court for the District of Arizona, pursuant to 28 U.S.C. § 1406(a). The District of Arizona opened a new case, CV 09-2587-PHX-ROS. After a somewhat tortuous procedural history, including dismissals of Plaintiff's first and second amended complaints for failure to state a claim, and Plaintiff's return to Hawaii, the Arizona district court partially dismissed Plaintiff's third amended complaint, and transferred its two remaining

---

[2] Plaintiff named the Hawaii Department of Public Safety ("DPS") Senior Contract Monitor Sheri Kimoto, Hawaii Contract Monitor Jeanette Baltero, and Arizona Contract Monitor Joe Booker as defendants. Plaintiff alleged that Defendants failed to intervene on his behalf with Saguaro Correctional Center prison officials, negligently breaching an unspecified contract and policies and procedures, and violating the United States Constitution.

claims and four remaining defendants to this court.³ Because the claims in Plaintiff's newly transferred Complaint bear no relation to the claims that Plaintiff originally asserted in Weeks v. Kimoto, Civ. No. 09-00525, this court opened a new case and assigned a new docket number to the action.

The instant case is brought under 42 U.S.C. § 1983. Plaintiff alleges that the Hawaii Department of Public Safety's ("DPS") Director, Clayton Frank, and Deputy Director, Tommy Johnson, have continued a policy and custom of denying prisoners interest accrued in their prison trust accounts, violating state law and the U.S. Constitution (Count One).⁴ In support, Plaintiff cites Blaisdell v. Dep't. of Public Safety, 196 P.3d 277, 288 (Haw. 2008), which held that Hawaii's prisoners' rights to accrued interest on their prison trust accounts are protected by the Fifth and Fourteenth Amendments to the United States Constitution, as well as

---

³ The Arizona district court dismissed Counts 2–4 and 6–12, and Defendants Kimoto, Baltero, Booker, Frappiea, Fujita, Tufono, Oda, Reeber, Dorn, Kalua, Espinas, Hironaka, Gutierrez, Otani, and Mailroom Staff Terri, Dawn, Alberta and Mary with prejudice. See CV 2:09-cv-02587 ROS, Doc. 27 (D. Ariz. Apr. 8, 2010).

⁴ On April 27, 2010, this Court filed an Order Dismissing Complaint in Part, dismissing Count Five of Plaintiff's Complaint without prejudice because Count Five and Count One were wholly separate violations allegedly done by different individuals that did not arise from the same transaction or occurrence or series of transactions or occurrences, thus they could not be joined in the same action.

by Hawaii Revised Statute ("HRS") § 353-20, as it stood at the time of the decision.

On September 7, 2010, Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. # 42.) On October 1, 2010, this Court filed an Order Denying Motion to Dismiss Plaintiff's Third Amended Complaint, finding that Plaintiff sufficiently stated a claim to proceed with this action, subject to further, properly supported and argued adversarial motions.

On January 21, 2011, Plaintiff filed a Motion for Summary Judgment in Matter of Payment of Interest Accrued on Inmates Accounts Protected by Taking [sic] Clause of Fifth Amend. & Fourteenth Amend. of US Constitution ("Motion"). ("Mot.," Doc. # 51.) On March 29, 2011, Defendants filed a Memorandum in Opposition regarding Plaintiff's Motion and in the Alternative, Cross Motion for Summary Judgment ("Cross Motion"). ("Cross Mot.," Doc. # 56.) On the same day, Defendants also filed a Concise Statement of Facts in Support of their Cross Motion. ("DCSF," Doc. # 57.)

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Porter v.

4

Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. Before granting summary judgment, however, a non-moving party must have a "'full and fair opportunity to ventilate the issues [related to] the . . . claims.'" Norse v. City of Santa Cruz, --- F.3d ---, 2010 WL 5097749, at *3 (9th Cir. Dec. 15, 2010) (quoting Greene v. Solano Cnty. Jail, 513 F.3d 982, 990 (9th Cir. 2008)).

The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). This assertion must be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials," or by demonstrating "that the materials cited do not

5

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

If the moving party meets its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134. Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061

(9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

Where conflicting evidence is presented by both parties, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact." T.W. Elec. Serv., 809 F.2d at 631. In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id.; see also Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted). However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

Count One of Plaintiff's Complaint alleges a claim against DPS Director Frank and Deputy Director Johnson concerning their alleged policy of

refusing to pay accrued interest on Hawaii inmates' prison trust accounts. In Plaintiff's Motion, he argues that summary judgment should be granted in his favor because "Hawaii prisoners' right to accrued interest on their prison trust accounts [is] protected by the Fifth and Fourteenth Amendments to the United States Constitution as well as by Hawaii Revised Statutes [] HRS § 353-20, as it stood at [the] time of [the Blaisdell] decision. (Mot. at 1.)

Defendants argue in their opposition and Counter Motion that: (1) Plaintiff may only seek relief for alleged violations of his Constitutional right to interest accrued on his prison trust account from November 2, 2007, because of the two-year statute of limitations imposed on § 1983 claims; (2) that from November 2, 2007 to December 1, 2009, Plaintiff was incarcerated in Arizona where his prisoner funds were not deposited in an interest-bearing account; and (3) that on December 1, 2009, Plaintiff was transferred back to Hawaii where, pursuant to the 2009 amendment to HRS § 353-20, Plaintiff's prisoner funds were not placed in an interest-bearing account. (Counter Mot. at 3–4.) The Court will address these arguments in turn.

I. Statute of Limitations

In their Counter Motion, Defendants argue that the relevant period of inquiry for Plaintiff's claim begins on November 2, 2007, because the statute of

8

limitations is two years long and Plaintiff's Complaint was initially filed on November 2, 2009. (Counter Mot. at 3–4.)

Plaintiff's action is brought under 42 U.S.C. § 1983, which provides a federal cause of action but does not include a relevant statutory period for such actions. Wallace v. Kato, 549 U.S. 384, 387 (2007). Where federal law does not provide a statutory limitation for federal claims, courts must look to state law. Id. The applicable state statute of limitations depends on the type and characterization of the federal claim. Id. The Supreme Court held that § 1983 claims are best characterized as personal injury claims and thus should use the applicable personal injury statute of limitations found under state law. Wilson v. Garcia, 471 U.S. 261, 280 (1985).

To determine the statute of limitations for Plaintiff's claim for interest accrued on his prisoner trust account, this Court looks to limitations periods under Hawaii state law. Haw. Rev. Stat. § 657-7. Specifically, Section 657-7 provides that "actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued." Id. As instructed in Wilson, this Court applies the two-year limit of Hawaii's general personal injury statute to Plaintiff's § 1983 claim.

Therefore, the Court agrees with Defendants' contention that the relevant inquiry as to Plaintiff's claim for interest accrued on his prisoner trust account begins on November 2, 2007, two years prior to the date of filing of his original Complaint.

II.     Prisoner's Right to Interest Accrued on Prison Trust Account

Plaintiff alleges that Defendants denied him interest accrued in his prison trust account in violation of the U.S. Constitution, and in support, Plaintiff cites Blaisdell, which held that Hawaii's prisoners' rights to accrued interest on their prison trust accounts are protected by the Fifth and Fourteenth Amendments to the United States Constitution, as well as by HRS § 353-20, as it stood at the time of the Blaisdell decision.  Defendants argue that there has been no Constitutional deprivation because at the time the relevant statutory period began, Plaintiff was incarcerated in Arizona where no interest accrued on his account, and at the time when Plaintiff was transferred back to Hawaii, the 2009 amendment to HRS § 353-20 was in effect such that no interest accrued on his account in Hawaii as well.  (Mot. at 4.)  Defendants thus conclude that no interest accrued on any of Plaintiff's prisoner funds after November 2, 2007.  (Id.)

The Takings Clause of the Fifth Amendment prohibits the government from taking private property for public use without just compensation, and is

applicable to the states through the Due Process Clause of the Fourteenth Amendment. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 160 (1980). Normally, "to state a claim under the Takings Clause, a plaintiff must first demonstrate that he possesses a 'property interest' that is constitutionally protected." Schneider v. Cal. Dep't of Corr. ( Schneider II ), 151 F.3d 1194, 1198 (9th Cir. 1998) (discussing whether an inmate maintains a property right in interest accrued on his trust account). A property interest can be created "from existing rules or understandings that stem from an independent source such as state law." Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577 (1972).

Some property interests, such as an inmate's right to accrue interest in a prison trust account, are so fundamental "that even if a statute does not explicitly create a property interest, such right may nonetheless exist." Ward v. Ryan, 623 F.3d 807, 812. (9th Cir. 2010). Therefore, interest on an inmate's account may not be appropriated by the States "without implicating the Takings Clause." Schneider II, 151 F.3d at 1198. In the long-running Schneider litigation, the Ninth Circuit Court of Appeals ultimately held that California's diversion of the interest on inmates' trust accounts into a common inmate welfare fund was a "taking" under the Fifth Amendment. See Schneider v. Cal. Dep't of Corr. (Schneider IV),

345 F.3d 716, 719-21 (9th Cir. 2003); see also Ward, 623 F.3d at 812–813 (distinguishing Schneider II and Schneider IV, and holding that an inmate has no possessory property interest in withheld wages that are not used for the benefit of the government or others and are held for the inmate's own later benefit); McIntyre v. Bayer, 339 F.3d 1097, 1099-1100 (9th Cir. 2003) (holding that pooling interest on Nevada inmate trust accounts and requiring inmates to contribute a portion of their wages to a victims' compensation fund implicated the Takings Clause).

While the Court does not dispute that withholding an inmate's accrued interest on his or her trust account may constitute a "taking" under the Constitution, this does not appear to have occurred in the instant case. First, during the time Plaintiff was incarcerated in Arizona, his funds were held in a non-interest bearing account. Specifically, as of November 2, 2007, Plaintiff was incarcerated at an Arizona facility run by Corrections Corporation of America ("CCA"), a private prison vendor. (Counter Mot. at 4; DCSF, Decl. of Howard Komori; DCSF, Drill Down Detail Report.) Howard Komori ("Komori"), Supervisor of the Mainland Branch, DPS, State of Hawaii, states in his declaration that his office monitors all Hawaii inmates who are housed out-of-state with private vendors.

(DCSF, Decl. of Komori.)  In his declaration, Komori indicates that CCA maintains a single inmate trust account with a bank institution into which all funds from Hawaii prisoners are deposited, and that each inmate is provided with a monthly statement showing how much is credited or debited from the account on his or her behalf.  (Id.)  Komori further states that the single inmate trust account maintained by CCA for Hawaii prison inmates is a non-interest bearing account.  (Id.)  Therefore, no interest accrued on Plaintiff's prison funds while he was incarcerated at a CCA facility in Arizona from November 2, 2007 – December 1, 2009, and no unconstitutional deprivation of interest occurred.

Second, as of December 1, 2009, Plaintiff was housed at a facility in Hawaii.  Defendants argue that pursuant to the 2009 amendment to HRS § 353-20, which states that "[a]ccounts maintained by the department for committed person shall not bear interest," Plaintiff's prisoner trust account was non-interest bearing and thus no interest has accrued.[5]  (Counter Mot. at 3–4.)  Indeed, as of June 1,

---

[5] HRS § 353-20 (2009) also states that "[t]his act shall apply to all committed person's accounts established before and after the date of this act." H.B. 1152 § 2, 25th Leg., Reg. Sess. (Haw. 2009).  Plaintiff argues that retroactively applying this law violates the ex post facto clause of the Constitution. (Mot. at 1.)  Although Article I, Section 10 of the U.S. Constitution prevents states from passing ex post facto laws, there is no such law retroactively criminalizing behavior at issue in the instant case.  Thus, Plaintiff's argument makes little sense and bears no weight on the decision by the Court.  Moreover, even if Plaintiff

(continued...)

2009, "the State of Hawaii removed all prisoner funds from interest bearing accounts." (Id. at 4; DSCF, Komori Decl.) Because Plaintiff was not transferred back to Hawaii until after June 1, 2009, there is no doubt that Plaintiff's funds were placed in a non-interest bearing account, and thus no unconstitutional "taking" occurred.

In light of the foregoing discussion, the Court concludes there is no genuine issue of material fact surrounding Plaintiff's alleged deprivation of interest on his prisoner trust account. The Court agrees with Defendants' contention that Plaintiff suffered no injury during the relevant time period. Accordingly, the Court DENIES Plaintiff's Motion and GRANTS Defendants' Counter Motion.

CONCLUSION

For the reasons stated above, this Court DENIES Plaintiff's Motion for Summary Judgment (Doc. # 51) and GRANTS Defendants' Cross Motion for

---

[5](...continued)
could correctly argue that the 2009 amendment to HRS § 353-20 could not apply retroactively, that is irrelevant in this case because the amendment took effect on June 1, 2009 and Plaintiff was transferred back to Hawaii on December 1, 2009.

Summary Judgment (Doc. # 56).  The Clerk of Court is hereby directed to enter judgment in favor of Defendants.

DATED: Honolulu, Hawaii, June 15, 2011.



David Alan Ezra
United States District Judge

Weeks v. Frank et al., Cv. No. 10-00235 DAE-RLP; ORDER: (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND (2) GRANTING DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT